## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CITYMOMS, INC., a Delaware corporation, | Case Number 1:19-cv-4377 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| THECITYMOMS GREATER INDIANAPOLIS LLC, an Indiana Limited Liability Company, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff CityMoms, Inc. ("Plaintiff"), for its Complaint against defendant TheCityMoms Greater Indianapolis LLC ("Defendant"), by counsel, alleges on knowledge as to its own actions, and otherwise plaintiff is informed and believes and thereon alleges as follows:

### NATURE OF THE ACTION

1.     This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment that uses of the term "CityMoms" by Plaintiff (including any of Plaintiff's predecessors-in interest) have not infringed any alleged rights of Defendant (including any of Defendant's predecessors-in interest) in the term "theCityMoms", and that Defendant's trademark registration no. 4,588,132 for theCityMoms is unenforceable, invalid, and should be cancelled. This action arises from Defendant's repeated demands that Plaintiff cease and desist doing business using the term CityMoms or face legal consequences.

2.     Plaintiff's primary position is that there is not a likelihood of confusion between the parties' respective uses of their respective terms. However, to the extent Defendant is correct that there is a likelihood of confusion, then Defendant is infringing Plaintiff's rights, because Plaintiff's use, distinctiveness and priority rights predate Defendant's priority rights. Accordingly, this action arises in the alternative for infringement

of Plaintiff's prior trademark rights in the term CityMoms and for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and unfair competition under the statutory and common laws of the several states including the States of California and Indiana, all arising from the Defendant's unauthorized use of the term theCityMoms in connection with the marketing, advertising, promotion, offering for sale, and sale of Defendant's services as described on Defendant's website at http://thecitymoms.org/ and elsewhere.

3.      This is also an action for tortious interference with a business relationship, and for interference with prospective advantage, under the statutory and common laws of at least the States of California or Indiana or both, arising from Defendant's malicious and unjustified allegations of infringement and threats of legal action against Plaintiff that are purposefully timed to interfere with, and are interfering with, Plaintiff's ongoing efforts to sell its CityMoms app business to a third-party.

**THE PARTIES**

4.      Defendant TheCityMoms Greater Indianapolis LLC is a limited liability company organized and existing under the laws of the State of Indiana, with a principal place of business listed as a residence at 7740 Dean Road, Indianapolis, Indiana 46240, and doing business online at http://thecitymoms.org/.

5.      On the "About Us" page of Defendant's website, Defendant states in part:

Momma, we see you. A woman trying to juggle it all. In the hustle of motherhood, life, career – and all the other things you manage! – you're left wondering who you even are anymore. You feel forgotten and isolated. You feel like maybe you missed something – all the other moms seem to have it together. You've put yourself on the back burner over and over. But now you're ready to leave the guilt from spending energy and effort on you behind, and finally invest in yourself. Enter theCityMoms.

What is theCityMoms?

2

> theCityMoms is a sisterhood for the modern mom. We serve women searching for a loving, open community of others, ready to rewrite the story of motherhood. We foster real connections and relationships. We break moms free from the isolation and burnout of parenting. We are a collective that believes we are more than just moms. Tune in to our channels for daily information or dial it up with an official CityMoms membership.

6.      Plaintiff CityMoms, Inc. is a corporation organized and existing under the laws of the State of Delaware, previously named GroupBuy, Inc., and is doing business online.

**7.**      One of Plaintiff's several offerings is a unique and proprietary mobile app and business-to-business software system called CityMoms that helps local businesses book unused spots in their kids' activities programs and family events. In contrast to Defendant's business, Plaintiff's CityMoms app is not a blog, mom community, nor events company. Rather, Plaintiff's CityMoms app is a mobile platform and software service downloadable from the Apple Store that contracts specifically with local businesses, to re-sell their inventory to parents seeking to book kids' activities at insider prices.

## JURISDICTION AND VENUE

8.      This court has original jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, pursuant to 28 U.S.C. §§ 1331, 1332(a), 1338(a) and (b), 2201, and 2202, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367, because the state law claims form part of the same case or controversy.

9.      Personal jurisdiction over Defendant is proper in this District because Defendant is a limited liability company organized and existing under the laws of the State of Indiana, and plaintiff is informed and believes and thereon alleges that Defendant's principal place of business is located in this judicial district in Marion County, Indiana.

10.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (d).

11.      An actual case or controversy exists between the parties. Defendant has

3

repeatedly threatened to take action against Plaintiff, has asserted that Plaintiff is engaging in acts of trademark infringement and unfair competition, and has demanded that Plaintiff immediately cease and desist from providing its CityMoms app or using the CityMoms name. Defendant's allegations are interfering with Plaintiff's business, including Plaintiff's sale of its CityMoms app business to a third party.

## GENERAL ALLEGATIONS

12.   Beginning at least as early as 2012, Plaintiff created and launched its "Moms" services, first with SoCal Moms and shortly thereafter adding CityMoms. These services have been described as a mobile discovery engine for parents simplifying the daily task of finding and booking activities, and providing on-demand access to a curated list of local happenings and exclusive opportunities to sample new products, services and programs. Plaintiff has also used the following logo with its "CityMoms" app:



13.   Sometime later, on January 2, 2014, an Indiana limited liability company identified as THE CITY MOMS filed an "in-use" application with the USPTO to federally register as a trademark the term "theCityMoms" in standard character form for the following goods and services in International Class 041: "Educational and entertainment services, namely, providing motivational and educational speakers; Organizing, arranging, and conducting playdates, mom-only evenings, open play times, shopping parties, fitness classes, volunteering and cultural events" (application serial number 86156171, herein "the '171 Application").

14.   As part of the '171 Application, persons identified as Melissa Kondritz and

4

Jeanine Bobenmoyer, on behalf of THE CITY MOMS, submitted the following statement under penalty of perjury: "the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as [March 1, 2013], and first used in commerce at least as early as [March 1, 2013], and is now in use in such commerce" in connection with all of the following services: "Educational and entertainment services, namely, providing motivational and educational speakers; Organizing, arranging, and conducting playdates, mom-only evenings, open play times, shopping parties, fitness classes, volunteering and cultural events."

15.     However, plaintiff is informed and thereon believes, that the website Defendant now uses for its theCityMoms business, http://thecitymoms.org/, was not registered as a domain name until March 8, 2013, and thus could not have existed on March 1, 2013, or any other time prior to March 8, 2013.

16.     The specimen of use submitted with the '171 Application purports to be screenshots from the website www.indywithkids.com. But the Internet archiving service WayBack Machine (web.archive.org) took a snapshot of that website on March 7, 2013, and no evidence of theCityMoms mark appears on that snapshot.

17.     Accordingly, Plaintiff is informed and thereon believes and thus, alleges that the January 2, 2014 statements in the '171 Application by Melissa Kondritz and Jeanine Bobenmoyer, under penalty of perjury, that: "the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as [March 1, 2013], and first used in commerce at least as early as [March 1, 2013]," in connection with **all** of the following services: "Educational and entertainment services, namely, providing motivational and educational speakers; Organizing, arranging, and conducting playdates, mom-only evenings,

5

open play times, shopping parties, fitness classes, volunteering and cultural events" were knowingly false, and that any use by Defendant of its alleged mark does not extend back to March 1, 2013.

18.     As of August, 2014, the date of Defendant's first extant blog post on Defendant's website, Defendant described its business as follows:

> About theCityMoms: Established in March 2013, theCityMoms is a support network for mothers in Indianapolis and surrounding communities. They host up to 15 events each week for moms to connect. Events include, play groups, family outings, fitness classes, book clubs, mom nights out and more.

thecitymoms.org/2014/08/press-release-thecitymoms-indys-child-magazine-team-together/

19.     Plaintiff has found no indications whatsoever that on or before January 2, 2014, Defendant was providing motivational and educational speakers in commerce as part of its business. Nonetheless, on January 2, 2014 Melissa Kondritz and Jeanine Bobenmoyer, stated under penalty of perjury in the '171 Application that the mark theCityMoms: "is now in use in such commerce" in connection with all of the following services: "Educational and entertainment services, namely, providing motivational and educational speakers; …." Plaintiff is informed and believes and thereon alleges that such statement was knowingly false, was made to the USPTO for the purposes of procuring a registration, was intended to be relied upon by the USPTO, and in fact was relied upon by the USPTO, so that applicant/Defendant could obtain a federal registration to which it was not entitled.

20.     United States Trademark Registration No. 4,588,132 (the "'132 Registration") is invalid and unenforceable against Plaintiff because the application that led to that registration, the '171 Application, included willfully false material statements that constituted fraud on the USPTO, including but not limited to the January 2, 2014 statements by Melissa Kondritz and Jeanine Bobenmoyer, under penalty of perjury, that the mark: "is now in use in such commerce"

in connection with **all** of the following services: "Educational and entertainment services, namely, providing motivational and educational speakers; Organizing, arranging, and conducting playdates, mom-only evenings, open play times, shopping parties, fitness classes, volunteering and cultural events."

21.     As part of the '171 Application, Melissa Kondritz and Jeanine Bobenmoyer, on behalf of THE CITY MOMS, also submitted the following additional statement under penalty of perjury: "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive[.]"

22.     Plaintiff is informed and believes and thereon alleges that on January 2, 2014 either Melissa Kondritz or Jeanine Bobenmoyer or both were aware of the existence of one or more third-party businesses already using very similar names in the parenting space for very similar services including parental support blogs, events, and get-togethers, including any or all of "City Moms Blog", "City Dads Group", and "Big City Moms".

23.     The '132 Registration is thus invalid and unenforceable against Plaintiff because the application that led to that registration, the '171 Application, included willfully false material statements that Defendant intended to be relied upon by the USPTO, and in fact were relied upon by the USPTO and thus constituted fraud on the USPTO.  Plaintiff makes this allegation in the alternative, because Plaintiff's primary position is that there was and is no likelihood of confusion between the parties' marks.

24.     On January 16, 2014 in the '171 Application, the USPTO issued a notice that it had assigned the pseudo mark "THE CITY MOMS" to the application for purposes of analyzing

the mark "theCityMoms" for likelihood of confusion.

25.    On May 28, 2019, an assignment dated June 29, 2016 was recorded with the USPTO purporting to assign the '132 Registration and the trade name theCityMoms from The City Moms LLC to the presently-named Defendant, TheCityMoms Greater Indianapolis LLC. The same person, Jeanine Bobenmoyer, signed the assignment as "President" on behalf of both companies.

26.    On August 19, 2019, the USPTO issued a courtesy reminder informing the Defendant, as the listed owner of the '132 Registration, that between then and August 19, 2020, the Defendant could file a Combined Declaration of Use and Incontestability Under Sections 8 and 15, which would renew the registration and establish it as "incontestable" under the trademark law (but only if the mark has been used in connection with all the listed services continuously for the proceeding five years). But as of the date of the filing of this Complaint, Defendant had still not filed these documents with the USPTO.

27.    Plaintiff is informed and believes and thereon alleges that the mark in the '132 Registration has not been used continuously in connection with all the services listed in that registration, continuously for the preceding five years.

28.    Defendant is not eligible to file a Declaration of Incontestability under Section 15 of the Lanham Act, 15 U.S.C. § 1065 during the pendency of this action, and the '132 Registration is not entitled to the benefits of incontestability under that Section.

29.    Plaintiff is informed and believes and thereon alleges that Plaintiff's rights to "CityMoms" in connection with Plaintiff's business predate the date, if any, by which the name "theCityMoms" became distinctive as a trademark in connection with Defendant's business. For purposes of this Complaint the terms "mark" and "trademark" are understood to include service

marks.

30.     There are, and have been, since prior to Defendant's first use of the term theCityMoms, multiple third-party businesses already using very similar names in the parenting space for very similar services including parental support blogs, events, and get-togethers, including any or all of "City Moms Blog", "City Dads Group", and "Big City Moms".

31.     Plaintiff is informed and believes and based thereon alleges that Defendant has coexisted with the third-party uses of "City Moms Blog", "City Dads Group", and "Big City Moms" for years without actual confusion as to source of an appreciable number of relevant consumers.

32.     Plaintiff is informed and believes and based thereon alleges in the alternative that there is not an actionable likelihood of confusion between Plaintiff's use of the term CityMoms and Defendant's use of the term theCityMoms.

33.     Plaintiff is informed and believes and based thereon alleges that Plaintiff's use of the term CityMoms neither infringes nor constitutes unfair competition with Defendant's alleged trademark rights in the term theCityMoms, including but not limited to the '132 Registration, even if Defendant's alleged trademark rights are valid and enforceable.

34.     In the alternative, to the extent Defendant has an actionable claim of likelihood of confusion by virtue of Plaintiff's use of the term CityMoms and Defendant's use of the term theCityMoms, including but not limited to the '132 Registration, then, Plaintiff alleges in the alternative that there is an actionable claim of infringement by Plaintiff between Plaintiff's use of the term CityMoms and Defendant's use of the term theCityMoms in that Defendant is infringing Plaintiff's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and the statutory and common laws regarding trademarks and unfair competition of the several states including in

at least the States of California and Indiana, because Plaintiff's priority rights in the term CityMoms is senior to Defendant's claimed right in the term theCityMoms.

35.     Defendant has repeatedly alleged that Plaintiff's use of the term CityMoms is likely to cause confusion with, and thus infringes, Defendant's alleged trademark rights in the term theCityMoms, including but not limited to the '132 Registration, and Defendant has threatened to take legal action against Plaintiff and seek "significant damages" and has not withdrawn those threats.

36.     Exhibit 1 is a true and correct copy of a "Demand to Cease and Desist Trademark Infringement" sent from counsel for Defendant to a representative of Plaintiff.

37.     Defendant's repeated allegations that Plaintiff is willfully infringing Defendant's alleged trademark rights in the term theCityMoms and their demands that Plaintiff stop selling its CityMoms app created a reasonable apprehension of litigation, such that there exists an actual case or controversy.

38.     Defendant's demands and threats have placed a cloud over Plaintiff's rights to continue marketing and selling its CityMoms app, and present a major impediment to Plaintiff's ongoing efforts to sell its CityMoms app business to a specific third-party.

39.     In view of the coexistence of several third-parties with very similar marks for parenting blog and get-together services that are largely identical to Defendant's services, and in view of the quite different business-to-business technology app goods and services that Plaintiff provides under its mark, Plaintiff's primary allegation is that there is not a likelihood of confusion between Plaintiff's and Defendant's uses. But to the extent Defendant is correct and there is a likelihood of confusion, Plaintiff has priority over Defendant, such that in the alternative Defendant is infringing Plaintiff's rights. For that and other noted reasons,

Defendant's trademark registration is invalid.

40.     In view of Defendant's threats and allegations, Plaintiff rightfully needs, and respectfully requests, a judicial declaration that: (a) there is no likelihood of confusion and thus no infringement nor unfair competition under federal and state law between Plaintiff's and Defendant's respective uses of their respective marks; (b) United States Trademark Registration No. 4,588,132 is invalid or unenforceable or both and should be cancelled; and (c) in the alternative to (a) to the extent there is a likelihood of confusion between Plaintiff's and Defendant's respective uses of their respective marks, that Plaintiff has priority over Defendant, and Defendant's use constitutes trademark infringement and unfair competition under federal and state law, and for damages and an injunction.

41.     Additionally, Plaintiff is informed and believes and based thereon alleges that Defendant has intentionally timed its knowingly-false and unjustified allegations of infringement and threats of legal action against Plaintiff purposefully to interfere with Plaintiff's ongoing attempt to sell its CityMoms app business to a specific third-party who has contracted to buy Plaintiff's business.

42.     Defendant is aware of Plaintiff's ongoing attempt to sell its CityMoms app business to a third-party who has contracted to buy Plaintiff's business. For example, Defendant's cease and desist letter filed herewith as Exhibit 1 states:

> please be advised that your **attempt to sell** the Infringing Marks does not absolve your past infringement and my client is still entitled to bring a claim against you. In fact, your **attempt to sell** trademarks, that you know to be under threat of litigation, leaves you liable for additional claims. (emphasis added)

43.     Plaintiff is informed and believes and thereon alleges that Defendant is using the vulnerability of Plaintiff's outstanding contractual arrangement as leverage to attempt to force Defendant to comply with Defendant's demands. For example, Defendant's relentless

11

infringement allegations are intentionally designed to induce the third-party to cancel or otherwise terminate its purchase of Plaintiff's CityMoms app business and thereby disrupt the contractual relationship Plaintiff has with that third party.

44.     Defendant's infringement allegations have in fact disrupted the contractual relationship Plaintiff has with the third party to purchase Plaintiff's CityMoms app business, in that the transaction so far cannot be finalized while Defendant's allegations remain outstanding.

45.     Plaintiff is being damaged by not being able to finalize the sale of Plaintiff's CityMoms app business as a result of Defendant's intentional interference with Plaintiff's contractual relations with the third party.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of No Trademark Infringement and No Unfair Competition)

46.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 45 of this Complaint as if fully set forth herein.

47.     Defendant claims that Plaintiff's use of the term CityMoms in connection with Plaintiff's CityMoms app business constitutes federal and common law trademark infringement and unfair competition, and, under a threat of litigation, demands that Plaintiff cease using the term CityMoms in United States commerce.

48.     An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning Plaintiff's use of the term CityMoms in connection with Plaintiff's CityMoms app business.

49.     Defendant's alleged mark theCityMoms is not distinctive when used in connection with Defendant's business and services, and is either generic or merely descriptive without having acquired secondary meaning as a trademark, or in the alternative is exceptionally

weak and entitled to no more than the narrowest of protection, especially in view of the coexistence of multiple prior third-party marks that are very similar for services essentially identical to Defendant's.

50.     Plaintiff's and Defendant's business models and respective goods and services are different, and are sold to different types of consumers for different purposes.

51.     Plaintiff's CityMoms app is labeled, advertised, marketed and sold in such a manner that there is no actionable likelihood of confusion between Defendant's use of theCityMoms in connection with Defendant's goods and services and Plaintiff's use of CityMoms in connection with Plaintiff's goods and services.

52.     Plaintiff seeks a declaratory judgment from this Court that the Plaintiff's use of CityMoms in connection with Plaintiff's goods and services is not likely to cause confusion as to the source, sponsorship, or affiliation of Plaintiff's goods and services with those of Defendant.

53.     Plaintiff seeks declaratory judgment from this Court that Plaintiff's use of CityMoms in connection with Plaintiff's goods and services does not constitute trademark infringement under the Lanham Act or under the law of the several states including California and Indiana.

54.     Plaintiff seeks declaratory judgment from this Court that Plaintiff's use of CityMoms in connection with Plaintiff's goods and services does not constitute unfair competition under the Lanham Act or under the law of the several states including California and Indiana.

55.     Plaintiff seeks declaratory judgment from this Court that Plaintiff's use of CityMoms in connection with Plaintiff's goods and services does not constitute deceptive trade practices under the Lanham Act or under the law of the several states including California and

Indiana.

56.     Plaintiff seeks declaratory judgment that Defendant has suffered no, and will not suffer any, damages or loss of goodwill as a result of Plaintiff's use of CityMoms in connection with Plaintiff's goods and services.

57.     Plaintiff seeks declaratory judgment that Defendant is not entitled to any injunctive relief or damages under the Lanham Act or the laws of the several states, including California and Indiana.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity and Unenforceability, and Cancellation of United States Trademark Registration No. 4,588,132)

58.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 57 of this Complaint as if fully set forth herein.

59.     As of January 2, 2014, Defendant's alleged mark theCityMoms was not distinctive when used in connection with Defendant's business, and was either generic or merely descriptive without having acquired secondary meaning as a trademark. Accordingly, application serial number 86156171 (which led to the '132 Registration) was not eligible for registration based upon Section 2(e) of the Lanham Act, 15 U.S.C. § 1052, on the basis that the mark was not distinctive when used in connection with Defendant's business.

60.     The '132 Registration is invalid and unenforceable against Plaintiff because the application that led to that registration, serial number 86156171, included willfully false material statements that constituted fraud on the USPTO.  Plaintiff is informed and thereon believes that those statements by the applicant/Defendant were knowingly false, were made to the USPTO to procure a registration, were intended to be relied upon by the USPTO, and in fact, were relied upon by the USPTO in issuing the registration.

14

61.     Even if the '132 Registration is not invalid and unenforceable against Plaintiff due to fraud on the USPTO, Plaintiff's uses of CityMoms in connection with its app business in 2013 predate the '132 Registration's earliest possible effective priority date of January 2, 2014. Thus, in the alternative, to the extent there is an actionable likelihood of confusion between Plaintiff's uses of "CityMoms" in connection with Plaintiff's business and Defendant's uses of "theCityMoms" in connection with Defendant's business, Plaintiff's earlier uses render the '132 Registration invalid and unenforceable under Trademark Act § 2(d), 15 U.S.C. § 1052(d).

62.     In the alternative, even if the '132 Registration is neither invalid nor unenforceable, and even if Defendant's first use predates Plaintiff's first use, Defendant cannot stop Plaintiff from its present use pursuant to Trademark Act § 33(b)(5), 15 U.S.C. § 1115(b)(5), because Plaintiff's uses of CityMoms in connection with its app were adopted without knowledge of any such prior use by Defendant and have been continuously used by Plaintiff from a date prior to January 2, 2014.

63.     Even if the '132 Registration is not invalid and unenforceable against Plaintiff due to fraud on the USPTO, that registration is invalid under Trademark Act § 2(e), 15 U.S.C. § 1052(e), because as of January 2, 2014 and for at least some period thereafter, the name "theCityMoms" was not distinctive as a trademark, but rather was merely descriptive or generic when used in connection with Defendant's business.

64.     In the alternative, even if the '132 Registration is not invalid and unenforceable against Plaintiff due to fraud on the USPTO, the '132 Registration is invalid under Trademark Act § 2(e), 15 U.S.C. § 1052(e) and Defendant has no common law rights in the name "theCityMoms" to assert against Plaintiff, because as of January 2, 2014 and continuing until the present, the name "theCityMoms" was and is not distinctive as a trademark, but rather was and is

merely descriptive or generic when used in connection with Defendant's business.

65. Plaintiff seeks a declaratory judgment from this Court that United States Trademark Registration No. 4,588,132 was void *ab initio*.

66. Plaintiff seeks a declaratory judgment from this Court that United States Trademark Registration No. 4,588,132 is invalid.

67. Plaintiff seeks a declaratory judgment from this Court that United States Trademark Registration No. 4,588,132 is unenforceable.

68. Plaintiff seeks a judgment from this Court cancelling United States Trademark Registration No. 4,588,132, or ordering the USPTO to do so.

69. Plaintiff seeks declaratory judgment from this Court that Plaintiff's use of CityMoms in connection with Plaintiff's goods and services has not and will not infringe United States Trademark Registration No. 4,588,132.

70. Plaintiff seeks declaratory judgment that Defendant is not entitled to any injunctive relief or damages for any alleged infringement of United States Trademark Registration No. 4,588,132.

### THIRD CLAIM FOR RELIEF

### (In the Alternative to the First Claim for Relief, Federal Unfair Competition)

71. Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 45 and 59 to 70 of this Complaint as if fully set forth herein.

72. In the alternative, to the extent Defendant is correct and there is a likelihood of confusion between Plaintiff's use of the term CityMoms and Defendant's use of the term theCityMoms, including but not limited to the '132 Registration, then, Plaintiff alleges that Defendant's use of the term theCityMoms infringes Plaintiff's rights under Section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a) and the statutory and common laws regarding trademarks and unfair competition of the several states, including the States of California and Indiana, because Plaintiff's has priority of rights in the term CityMoms.

73.     Defendant's unauthorized use in commerce of theCityMoms (the "Infringing Mark") as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

74.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

75.     Plaintiff is informed and believes and therefor alleges that Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

76.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

78.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117,

together with prejudgment and post-judgment interest.

79.     Plaintiff is informed and believes and thereon alleges that to the extent Defendant is correct and there is a likelihood of confusion, Defendant's unfair competition has been and is willful and deliberate, rendering this case appropriate for treble damages, as well as making this an exceptional case, under 15 U.S.C. § 1117(a).

**FOURTH CLAIM FOR RELIEF**

**(In the Alternative to the First Claim for Relief, Unfair Competition in Violation of Section 17200 of the California Business and Professions Code)**

80.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 45 and 59 to 79 of this Complaint as if fully set forth herein.

81.     Defendant's unauthorized use of a mark that, according to Defendant, is likely to cause consumer confusion with respect to Plaintiff's earlier-existing mark on Defendant's website and elsewhere was unlawful and unfair to Plaintiff.

82.     Defendant's unauthorized actions constitute unfair, deceptive, untrue and/or misleading advertising, in violation of Section 17500 of the California Business and Professions Code.

83.     Defendant's unauthorized actions constitute unfair competition in violation of Section 17200 of the California Business and Professions Code.

84.     As a direct and proximate result of Defendant's wrongful acts alleged above, Plaintiff has been damaged.

85.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered, and continues to suffer, irreparable harm and injury.  Plaintiff has no adequate remedy at law.  Based on the insidious nature of Defendant's unfair competition, Defendant's unfair acts are likely to continue after service of this Complaint. Thus, an injunction against further unfair

18

competition is appropriate.

## FIFTH CLAIM FOR RELIEF

### (In the Alternative to the First Claim for Relief, Common Law Unfair Competition)

86.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 45 and 59 to 85 of this Complaint as if fully set forth herein.

87.    Defendant's conduct as alleged herein constitutes common law unfair competition in violation of the laws of the several states, including California and Indiana.

88.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action together with prejudgment and post-judgment interest.

89.    Plaintiff is informed and believes and thereon alleges that to the extent Defendant is correct and there is a likelihood of confusion, Defendant's unfair competition has been and is malicious, willful, wanton, oppressive and outrageous.

90.    Punitive damages to punish and deter Defendant are appropriate pursuant to, *inter alia*, Cal. Civ. Code § 3294(a), in addition to Plaintiff's damages and Defendant's profits, all trebled, plus Plaintiff's attorney fees.

## SIXTH CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations)

91.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 90 of this Complaint as if fully set forth herein.

92.    Plaintiff is informed and believes and based thereon alleges that Defendant has intentionally timed its knowingly-false and unjustified allegations of infringement and threats of legal action against Plaintiff purposefully to interfere with Plaintiff's ongoing attempt to sell its

CityMoms app business to a specific third-party who has contracted to buy Plaintiff's business.

93.      Defendant is aware of Plaintiff's ongoing attempt to sell its CityMoms app business to a third-party who has contracted to buy Plaintiff's business. For example, Defendant's cease and desist letter filed herewith as Exhibit 1 states:

> please be advised that your **attempt to sell** the Infringing Marks does not absolve your past infringement and my client is still entitled to bring a claim against you. In fact, your **attempt to sell** trademarks, that you know to be under threat of litigation, leaves you liable for additional claims. (emphasis added)

94.      Plaintiff is informed and believes, and thereon alleges that Defendant is using the vulnerability of Plaintiff's outstanding contractual arrangement as leverage to attempt to force Defendant to comply with Defendant's demands. For example, Defendant's relentless infringement allegations are intentionally designed to induce the third-party to not go through with its purchase of Plaintiff's CityMoms app business and thereby disrupt the contractual relationship Plaintiff has with that third party.

95.      Defendant's infringement allegations have in fact disrupted the contractual relationship Plaintiff has with the third party to purchase Plaintiff's CityMoms app business, in that the transaction so far cannot be finalized while Defendant's allegations remain outstanding.

96.      Plaintiff is being damaged by not being able to finalize the sale of Plaintiff's CityMoms app business as a result of Defendant's intentional interference with Plaintiff's contractual relations with the third party.

97.      Defendant's conduct as alleged herein constitutes Intentional Interference with Contractual Relations under the laws of California.

98.      Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action together with prejudgment and post-judgment interest.

99.     Plaintiff is informed and believes, and thereon alleges that Defendant's intentional interference with Plaintiff's contractual relations has been and is malicious, willful, wanton, oppressive and outrageous.

100.     Punitive damages to punish and deter Defendant are appropriate pursuant to, *inter alia*, Cal. Civ. Code § 3294(a), in addition to Plaintiff's damages and Defendant's profits, plus Plaintiff's attorney fees.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

With respect to the **FIRST CAUSE OF ACTION**, an order declaring that:

A.  Plaintiff's use of CityMoms in connection with Plaintiff's goods and services is not likely to cause confusion as to the source, sponsorship, or affiliation of Plaintiff's goods and services with those of Defendant;

B.  Plaintiff's use of CityMoms in connection with Plaintiff's goods and services does not constitute trademark infringement under the Lanham Act or under the laws of the several states including California and Indiana;

C.  Plaintiff's use of CityMoms in connection with Plaintiff's goods and services does not constitute unfair competition under the Lanham Act or under the laws of the several states including California and Indiana;

D.  Plaintiff's use of CityMoms in connection with Plaintiff's goods and services does not constitute deceptive trade practices under the Lanham Act or under the laws of the several states including California and Indiana;

E.  Defendant has suffered no, and will not suffer any, damages or loss of goodwill as a result of Plaintiff's use of CityMoms in connection with Plaintiff's goods and services;

F.  Defendant is not entitled to any injunctive relief or damages under the Lanham Act or the

laws of the several states, including California and Indiana;

G. Plaintiff is entitled to use CityMoms in connection with Plaintiff's goods and services;

H. Plaintiff is awarded its costs, expenses and attorneys' fees in this action; and

I. awarding such other further relief to which Plaintiffs may be entitled as a matter of law or equity, as the Court deems just and proper;

With respect to the **SECOND CAUSE OF ACTION**, an order declaring that:

J. United States Trademark Registration No. 4,588,132 was void *ab initio*;

K. United States Trademark Registration No. 4,588,132 is invalid;

L. United States Trademark Registration No. 4,588,132 is unenforceable;

M. United States Trademark Registration No. 4,588,132 is cancelled, or instructing the USPTO to cancel the registration;

N. Plaintiff's use of CityMoms in connection with Plaintiff's goods and services has not and will not infringe United States Trademark Registration No. 4,588,132;

O. Defendant is not entitled to any injunctive relief or damages for any alleged infringement of United States Trademark Registration No. 4,588,132;

P. Plaintiff is awarded its costs, expenses and attorneys' fees in this action; and

Q. awarding such other further relief to which Plaintiffs may be entitled as a matter of law or equity, as the Court deems just and proper.

With respect to the **THIRD CAUSE OF ACTION**, in the alternative to the relief sought with respect to the first cause of action:

R. Entry of judgment that Defendant has competed unfairly with Plaintiff in violation of Plaintiff's rights under 15 U.S.C. § 1125(a) and the common law;

S. Entry of an order directing Defendant to provide to Plaintiff for destruction any and all

unlawful products or materials, and to compensate Plaintiff for any and all advertising or other expenses necessary to dispel public confusion caused by Defendant's unlawful acts;

T. Entry of judgment against Defendant for monetary damages in an amount to be proven at trial, including but not limited to, Defendant's profits, and all amounts necessary to compensate Plaintiff for Defendant's wrongful use of the Plaintiff's mark, including reasonable attorneys' fees and costs;

U. Entry of judgment against Defendant for legal fees upon a finding that this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in Defendant's unlawful acts alleged herein with respect to the Plaintiff's mark, said award to equal at least treble Plaintiff's actual damages under 15 U.S.C. § 1117; and

V. Such other relief as this Court deems just and proper.

With respect to the **FOURTH CAUSE OF ACTION**, in the alternative to the relief sought with respect to the first cause of action:

W. Entry of an injunction ordering that Defendant, its officers, agents and servants, and all persons acting in concert with them be permanently enjoined from unfairly competing with Plaintiff by creating a likelihood of confusion between Defendant and Plaintiff, or otherwise infringing in any manner, or passing-off as its own, Plaintiff's mark or any colorable imitation thereof;

X. Entry of an injunction ordering that Defendant, its officers, agents and servants, and all persons acting in concert with them be restrained from committing any act calculated or intended to or otherwise causing purchasers to believe falsely that Defendant can or will supply any of Plaintiff's services or any colorable imitation thereof;

Y.  For restitution in an amount to be proven at the time of trial; and

Z.  For such other and further relief as the Court deems just and proper.

With respect to the **FIFTH CAUSE OF ACTION**, in the alternative to the relief sought with respect to the first cause of action:

AA.  Entry of an injunction ordering that Defendant, its officers, agents and servants, and all persons acting in concert with them be permanently enjoined from unfairly competing with Plaintiff by creating a likelihood of confusion between Defendant and Plaintiff, or otherwise infringing in any manner, or passing-off as its own, Plaintiff's mark or any colorable imitation thereof;

BB.  Entry of an injunction ordering that Defendant, its officers, agents and servants, and all persons acting in concert with them be restrained from committing any act calculated or intended to or otherwise causing purchasers to believe falsely that Defendant can or will supply any of Plaintiff's services or any colorable imitation thereof;

CC.  Entry of an injunction ordering that Defendant, its officers, agents and servants, and all persons acting in concert with them be restrained from further diluting and infringing the rights of Plaintiff in its mark or otherwise damaging Plaintiff's goodwill and business reputation, or otherwise competing unfairly with Plaintiff in any manner;

DD.  For an award of Plaintiff's damages and Defendant's profits, in amounts to be proven at trial, for Defendant's unfair competition, and that those amounts be enhanced to the fullest extent allowed under the law;

EE. For an award of punitive and exemplary damages for the sake of example and by way of punishing Defendant pursuant to, *inter alia*, Cal. Civ. Code § 3294(a);

FF. For pre-judgment and post-judgment interest and costs of this action to Plaintiff and against Defendant;

GG.      For costs of suit incurred herein; and

HH.      For such other and further relief as the Court deems just and proper.

With respect to the **SIXTH CAUSE OF ACTION**:

II. Entry of an injunction ordering that Defendant, its officers, agents and servants, and all persons acting in concert with them be permanently enjoined from interfering with Plaintiff's contractual relations by disparaging or creating a cloud over Plaintiff's CityMoms app business;

JJ. Entry of an injunction ordering that Defendant, its officers, agents and servants, and all persons acting in concert with them be restrained from committing any act calculated or intended to or otherwise causing a third party to not purchase Plaintiff's CityMoms app business;

KK.      Entry of an injunction ordering that Defendant, its officers, agents and servants, and all persons acting in concert with them be restrained from damaging Plaintiff's goodwill and business reputation;

LL. For an award of Plaintiff's damages and Defendant's profits, in amounts to be proven at trial, for Defendant's interference with Plaintiff's contractual relations, and that those amounts be enhanced to the fullest extent allowed under the law;

MM.     For an award of punitive and exemplary damages for the sake of example and by way of punishing Defendant pursuant to, *inter alia*, Cal. Civ. Code § 3294(a);

NN.     For pre-judgment and post-judgment interest and costs of this action to Plaintiff and against Defendant;

OO.       For costs of suit incurred herein; and

PP. For such other and further relief as the Court deems just and proper.


Dated:   10/28/2019                          Respectfully submitted,

         Columbus, Indiana
                                             /s/John Roberts_____
                                             John Roberts
                                             **Roberts IP Law**
                                             3129 25th St. #295
                                             Columbus, IN 47203-2436
                                             317-663-3138
                                             john@robertsiplaw.com

                                             Neil D. Greenstein
                                             **TechMark®**
                                             1968 S. Coast Hwy, #1636
                                             Laguna Beach, CA 92651
                                             347-514-7717
                                             ndg@techmark.com
                                             (admission pending)

                                             Mark B. Fredkin
                                             **Morgan Franich Fredkin Siamas & Kays LLP**
                                             333 W. San Carlos Street Suite 1050, San Jose,
                                             CA 95110
                                             408-288-8288
                                             mfredkin@mffmlaw.com
                                             (admission pending)

                                             *Attorneys for Plaintiff*